THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN CACOPARDO, Respondent.— Order of the County Court, Kings County, granting motion to vacate judgment of conviction of the crime of murder in the second degree, reversed on the law and the facts, and motion denied. On December 13, 1936,

Mollie Starace was shot three times and killed. One week prior thereto she had broken off an illicit relationship with defendant, a married man with two children, and had returned from Philadelphia to her home in Brooklyn. Defendant threatened to kill her, according to her mother, unless she returned to him. When she did not do so, he followed her to her home and insisted upon a talk with her in a bedroom. She cried out that defendant had a gun, immediately following which three shots were heard and the defendant fled. Defendant's statement to the District Attorney was a virtual confession that he had secreted in his overcoat, not taken off while in the Starace home, a revolver he had purchased in Philadelphia and with it had shot and killed the deceased. On the trial he changed his version to the extent of testifying that as he was holding the gun while in the room with the deceased, it went off as his uncle Paul Petrillo was endeavoring to wrest it from him. The proof was ample, irrespective of the testimony of Paul Petrillo and Rose Carina, to warrant the conviction. Since that trial and by reason of information supplied by defendant, the uncle himself has been convicted in Philadelphia of an independent murder and has been executed. The present version of defendant, fifteen years after the conviction, that it was his uncle who had shot and killed the deceased, when viewed in the light of all of the proof, is devoid of merit. His claim that he had made a false statement to the District Attorney and had testified falsely at his trial because of fear of his uncle is at odds with his claim that he was ready to expose the uncle to Mr. Starace on December 13, 1936, and that he had informed the detective at the time of his apprehension and his attorney prior to his trial of the murderous activities of his uncle. He cannot now be heard for the purpose of substituting a new defense for a discredited one. (*People* v. *Schmidt,* 216 N. Y. 324.) The District Attorney did not withhold improperly the purported letter from the uncle to the deceased. Defendant knew all about this letter and the uncle's activities prior to the trial, despite which the uncle was not taxed with them on his cross-examination. The uncle had denied writing the letter and, in fact, had not actually written it. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.